NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO FELIX, | No. 23-55229 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-00439-JWH-SK |
| v. | |
| ERIC ARNOLD, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted July 17, 2025**
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Alfredo Felix seeks review of the district court judgment denying a writ of

habeas corpus. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

A California jury found Felix guilty of first-degree murder and robbery with

felony-murder special circumstances. California's felony-murder special

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

circumstances law requires proof beyond a reasonable doubt that a defendant was a "major participant" in the underlying felony who acted with "reckless indifference to human life." Cal. Penal Code § 190.2(a)(17)(A), (d) (West 2000). Felix claims that there was insufficient evidence for the jury to find special circumstances.

When reviewing a sufficiency-of-the-evidence claim, we must ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, Felix failed to meet his burden under *Jackson*. At trial, the jury was presented with evidence that Felix helped plan and carry out the armed robbery, knew his brother had a gun, was present at the killing, and fled the scene when Hernandez was shot. These facts alone are enough for a jury to find that Felix was a major participant who showed reckless indifference to human life. *See People v. Banks*, 351 P.3d 330, 338–39 (Cal. 2015). A rational trier of fact, considering all evidence in a light most favorable to the prosecution, could have found that the special circumstances law applied.

Because Felix's claim fails under *de novo* review, we need not determine whether the state court decision reflected "an 'unreasonable application of' *Jackson*" under the Antiterrorism and Effective Death Penalty Act of 1996. *Maquiz v. Hedgpeth*, 907 F.3d 1212, 1217 (9th Cir. 2018) (quoting *Juan H. v. Allen*, 408

2

F.3d 1262, 1274–75 (9th Cir. 2005)); *see Lucero v. Holland*, 902 F.3d 979, 986 (9th Cir. 2018).

    **AFFIRMED.**